IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DESHON LADON MARTIN**                                                                **PLAINTIFF**
**#256634**

V.                                    CASE NO.  4:23-cv-00048 JM

**BRUCE MOISER, K-9 Unit,**
**NLRPD Criminal/District,** *et al.*                                        **DEFENDANTS**

## ORDER

Plaintiff Deshon Ladon Martin, detained at the Pulaski County Detention Facility, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 2). He sued the North Little Rock Police Department (NLRPD), NLRPD Officer Bruce Moiser, Sgt. Tallort, Officer Davidson, and unknown Doe officers alleging he was unlawfully arrested and has been subjected to continued harassment. (*Id.*). His complaint must be screened. *See* 28 U.S.C. § 1915A.

I.    *In Forma Pauperis* Application

Because Martin has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* (Doc. 1) is granted. No initial payment will be assessed. Martin's custodian shall withdraw monthly payments in the amount of twenty percent of the preceding month's income credited to his account each time the account exceeds $10 until the statutory fee has been paid in full. 28 U.S.C. § 1915(b)(2). Martin's custodian must send those payments to the Clerk until a total of $350 has been paid. The Clerk is directed to send a copy of this order to the Administrator of the Pulaski County Detention Facility, 3201 West Roosevelt Rd., Little Rock, Arkansas

72204. Payments are to be forwarded to the clerk of the court with Martin's name and case number clearly identified.

## II.     Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee, 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

## III.    Background

Martin contends that the named officers and other unknown officers with the NLRPD believe him to be a drug dealer and, as a result, have continually subjected him to harassment and unlawfully arrested him based on falsified documents and bias. (Doc. 2 at 4, 7). He says that the harassment has continued for so long that older officers inform newer officers to be on the lookout for him. (*Id*.). Martin points to his lengthy criminal

history as evidence of the harassment and false arrests. (*Id*. at 5). In particular, he points to his September 23, 2022, arrest. (*Id*.). According to Martin, he was fighting a neighbor in self defense when the responding officers arrested him rather than his neighbor, who stabbed him four times. (*Id*.). Martin says the responding officers also used unnecessary force against his family and friends who were present. (*Id*.).

Martin generally credits Officers Moiser and Ray (not a named defendant) with being behind the harassment; however, he does not connect either of these officers to his September 23, 2022, arrest. Instead, he says Sgt. Tallort and "his officers hoped that [Martin] would bleed out." (*Id*. at 8). Martin says that he was injured around 5:00 p.m. but not taken to surgery until midnight. (*Id*. at 9). It is apparent that Martin believes he has continually been harassed, arrested, and subjected to excessive force, due to bias among the NLRPD. He seeks damages, illegal charges to be dropped, and his criminal record expunged. (*Id*. at 6).

A public record search reveals that Martin does, in fact, have a lengthy criminal history and is currently facing criminal charges in five cases in Pulaski County for drug possessions, harassment, resisting arrest, fleeing, and battery, among other things. *See State v. Martin*, No. 60CR-21-2160; *State v. Martin*, No. 60CR-21-3001; *State v. Martin*, No. 60CR-21-3086; *State v. Martin*, No. 60CR-21-3846; *State v. Martin*, No. 60CR22-1782. Although Martin awaits trial on those charges, there is no apparent *Heck* bar because the specific September 23, 2022, incident of which he complains appears to be closed. *See State v. Martin*, No. NLCRC-22-2285 (NLR District Court). That said, because Martin's

sweeping allegations include bias and conspiracy to harass and unlawfully charge him and, because he seeks that all current charges be dropped, *Younger* abstention is triggered.

In *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court must abstain from entertaining constitutional claims when: (1) there is an ongoing state judicial proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 602 (8th Cir. 1999); *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 797 (8th Cir. 1994). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

Because Arkansas has an important interest in its criminal justice procedures, this Court should abstain from entertaining Martin's constitutional claims until his open state proceedings have been decided. And while *Younger* provides an exception to the stay requirements when there is an indication of bad faith, harassment, or any other

extraordinary circumstance that would make abstention inappropriate, Martin's assertions of harassment are not enough.

## IV. Conclusion

1. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Martin's state criminal charges.

2. Martin may file a motion to reopen this case after such final disposition. Any motion to reopen must be filed within 60 days of that final disposition. If Martin does not file a timely motion to reopen or a status report by February 14, 2024, then the Court will reopen the case and dismiss it without prejudice.

IT IS SO ORDERED this 14th day of February, 2023.

_____
UNITED STATES DISTRICT JUDGE