IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DESHON LADON MARTIN**                                                                             **PLAINTIFF**
**#256634**

**V.**                              **CASE NO.  4:23-cv-00048 JM**

**BRUCE MOISER, K-9 Unit,**
**NLRPD Criminal/District,** *et al*.                                                               **DEFENDANTS**

## ORDER

Plaintiff Deshon Ladon Martin's motion to reopen his case (Doc. 11) is GRANTED because his state criminal charges have been resolved. The Court adopts the factual background previously set out in its initial screening Order (Doc. 5 at 2–3) and must re-screen his claims following his criminal convictions. 28 U.S.C. § 1915A.

On May 30, 2024, Martin pleaded guilty in Pulaski County Circuit Court in eleven separate criminal cases to a variety of crimes including terroristic threatening, theft by receiving, fleeing, third degree domestic battery, aggravated assault of an officer, possession within intent to distribute, furnishing prohibited articles, second degree battery, aggravated residential burglary, and kidnapping and was sentenced to six years' imprisonment in the ADC. *See State v. Martin*, No. 60CR-23-483 (Pulaski County) (Sentencing Order, listing cases). As a result of Martin's guilty pleas, his allegations that Defendants were biased and participated in a conspiracy to harass and unlawfully arrest him are *Heck*-barred. If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of a state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). Here, a finding in Martin's favor would necessarily call into question the validity

of his convictions and nothing in his complaint indicates that his convictions have been called into question by the issuance of a federal writ of *habeas corpus*. As a result, any damages claims Martin may seek are barred under the Supreme Court's ruling in *Heck*. Further, Martin's request to be released from prison and to have his charges expunged is not an available remedy in a section 1983 action. The sole remedy for a prisoner seeking release from prison (or subsequent supervision) is to file a federal *habeas* petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Martin admits it was his neighbor, not responding officers, who cut him with a razor blade. (Doc. 2 at 5, 7). As a result, Martin's excessive force claim fails. This leaves one claim—deliberate indifference to serious medical needs. Nothing in the Complaint links Defendants Moiser or Davidson to this claim; therefore they are dismissed from this lawsuit. The North Little Rock Police Department is not an entity that can be sued under § 1983 and also is dismissed from this lawsuit. *Ketchum v. City of W. Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

Martin says Sgt. Tallort and "his officers hoped that [Martin] would bleed out." (Id. at 8). He further says that, although he was injured around 5:00 p.m., he was not taken to surgery until midnight. (Id. at 9). Accordingly, for pleading purposes only, Martin's individual-capacity deliberate-indifference-to-serious-medical-needs claims against Sgt. Tallort and the Doe officers with the North Little Rock Police Department survive screening.

It is Martin's responsibility to provide valid service information for Doe Defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993). The Court will give Martin forty-five (45) days to do so. If Martin does not provide the names of the other Doe Officers along with their valid service addresses, the Court will dismiss Martin's claims against them without prejudice. *See* Fed. R. Civ. P. 4(m).

The Court directs the Clerk to prepare summons for Sergeant Tallort and deliver it along with a copy of the Complaint (Doc. 2), the Court's initial Order (Doc. 5), and this Order to the U.S. Marshal for service, without requiring prepayment of fees and costs or security. Sergeant Tallort must be personally served at his place of employment, the North Little Rock Police Department, 1 Justice Center Drive, North Little Rock, AR 72114.

IT IS SO ORDERED this 23rd day of September, 2024.

_____
UNITED STATES DISTRICT JUDGE